1
2
3
4
5
6

*NOTE: CHANGES MADE BY THE COURT*

7

UNITED STATES DISTRICT COURT

8

CENTRAL DISTRICT OF CALIFORNIA

9

10 DOUGLAS ENERGY COMPANY, a
California corporation

CASE NO.  CV08-04298 VBF (RZx)

11

12      Plaintiff,

**STIPULATION AND RE DISCLOSURE OF CONFIDENTIAL INFORMATION AND**

13   v.

14 DRESSER RAND GROUP INC. a/k/a
DRESSER RAND COMPANY, a New
15 York General Partnership

~~**PROPOSED**~~ **PROTECTIVE ORDER FILED CONCURRENTLY HEREWITH**

16      Defendants.

17

Judge:  Hon. Ralph Zarefsky

18

19          **STIPULATION**

20      WHEREAS, Plaintiff Douglas Energy Company, Inc. ("Plaintiff") and

21 Defendant Dresser-Rand Group, Inc., aka Dresser-Rand Company ("Defendant")

22 (and collectively with Plaintiff the "Parties") desire to facilitate discovery in this

23 action by entry of a Stipulation and Protective Order ("Agreement");

24      WHEREAS, it is hereby stipulated and agreed by and between the Parties,

25 through their respective attorneys, that the following terms of a Stipulated Protective

26 Order shall govern all proceedings in this matter.

27
28

*JMBM | Jeffer Mangels Butler & Marmaro LLP*

## GOOD CAUSE EXISIS FOR ENTRY OF THIS ORDER

Good cause exists for this protective order pursuant to Fed. R. Civ. P. 26(c) and Jepson Inc. v. Makita Electric Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994).  This dispute involves patented "biphase" technology involving proprietary use of rotary separators which separate liquids from gases.  The documentation of the dispute includes: (1) confidential technical information including research, development, inventions, designs, methodologies, models, test results and related data related to the patents, as well as (2) confidential business information concerning the cost of design and manufacture of the inventions, proprietary sales information and disclosure of documents would cause significant harm to its competitive and financial position.  If necessary, affidavits demonstrating concrete examples of potential harm can be provided.

This Protective Order seeks to eliminate the burden on the Court of hearing motions for individual protective orders on a predefined class of confidential material.  Under this approach, the designation of a document as confidential may be viewed as equivalent to a motion for protective order and subject to the sanctions of Fed. R. Civ. P. 26(g).  Without a protective order the general disclosure of confidential trade secret information, or any secret business information would create a competitive disadvantage for the parties.

## TERMS OF STIPULATED PROTECTIVE ORDER

**A.    DEFINITIONS**

1.    The following definitions shall apply for purposes of this Agreement:

a.    "Party" or "Parties" means any party to this Agreement, including the party's past and present parents, organizational units, predecessors in interest, successors, subsidiaries, affiliates,

Stipulation Re Disclosure of Confidential Information
D

PRINTED ON

RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

JMBM | Jeffer Mangels Butler & Marmaro LLP

1    directors, officers, employees, agents, attorneys and

2    representatives.

3    b.    "Confidential Information" means information or documents

4    exchanged by the Parties or filed with the Court that the

5    Designating Party (as defined below) believes in good faith

6    contains, reflects or discloses the following:

7    (1)    any secret business or technical information entitled under

8    the law to be kept away from an opposing party in these

9    circumstances, the disclosure of which is likely to prejudice

10    the Designating Party; or

11    (2)    auditing data which has been maintained in confidence; or

12    (3)    information qualifying for protection as a trade secret under

13    California Civil Code Section 3426.1.

14    c.    "Confidential Attorney Eyes Only Information" means

15    Confidential information or documents exchanged by the parties

16    or filed with the Court comprised of Confidential Information that

17    is technical, business or financial in nature and that the

18    designating party reasonably and in good faith believes is so

19    highly sensitive that its disclosure to persons of expertise in the

20    area would reveal significant technical, business or financial

21    information of the Designating Party.  It includes the information

22    that the Designating Party reasonably and in good faith believes

23    relates to (1) current business/strategic plans, (2) sales, cost and

24    pricing information including future sales/financial projections,

25    (3) technology and technical developments in product design or

26    operation, or (4) other information of competitive, financial, or

27

28

Stipulation Re Disclosure of Confidential Information
D

commercial significance comparable to the items listed in this paragraph.

d.    The parties agree that the definitions of "Confidential Information" and "Confidential Attorneys Eyes Only Information" are merely descriptive of the contentions of the Designating Party and that the Court shall decide the nature of the information based upon the evidence and the arguments of counsel.  The parties also agree that the Court's determinations of whether or not a designation is proper are not binding adjudications of the parties' substantive rights.

e.    "Designating Party" means the Party who designates documents, testimony or other information as "Confidential Information" or "Confidential Attorneys Eyes Only Information" under this Stipulation and Protective Order.

f.    "Receiving Party" means the Party who receives documents, testimony or other information from the "Designating Party."

**B.    DESIGNATION OF CONFIDENTIAL INFORMATION**

1.    The Parties shall comply with the following protocol with respect to designation of information or documents as Confidential Information or Confidential Attorneys Eyes Only Information:

a.    The Designating Party shall use its best efforts to limit the amount of information or documents designated as Confidential Information or as Confidential Attorneys Eyes Only Information and shall make such designation only after a good faith determination that: (1) the information or documents are in fact confidential and (2) the Designating Party, until the date of designation, has not disclosed the information or documents to

- 4 -

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

anyone except persons employed by it or bound by a confidentiality agreement.

b.  A Designating Party designating documents other than those identified in subparagraphs c. and d. below as Confidential Information or Confidential Attorneys Eyes Only Information shall do so by placing, stamping, or otherwise affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" on each page of each document asserted by the Designating Party to contain Confidential Information or Confidential Attorneys Eyes Only Information.

c.  In the case of responses to interrogatories or requests for admission, designation of Confidential Information or Confidential Attorneys Eyes Only Information shall be made by means of a statement at the conclusion of such responses specifying the specific responses by number or parts thereof that are designated as Confidential Information or Confidential Attorneys Eyes Only Information. The legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" shall be placed, stamped or otherwise affixed on each page of any set of responses to interrogatories or requests for admission that contain Confidential Information or Confidential Attorneys Eyes Only Information.

d.  In the case of depositions, designation of those transcripts and exhibits that contain Confidential Information or Confidential Attorneys Eyes Only Information shall be made by a statement to such effect on the record during the course of the deposition by any counsel. Counsel shall designate those portions of the

Stipulation Re Disclosure of Confidential Information
D

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Marmaro LLP

transcript and exhibits that contain Confidential Information or Confidential Attorneys Eyes Only Information, and those portions of the transcript and exhibits so identified shall be separately marked by the court reporter with the legend "CONFIDENTIAL – RESTRICTED – SUBJECT TO PROTECTIVE ORDER."  If no such designation is made by a statement to such effect on the record during the course of the deposition, within thirty (30) days after receipt of the deposition transcript, except when the deposition transcript is received within 30 days from trial, counsel may designate portions of the transcript and exhibits as containing Confidential Information or Confidential Attorneys Eyes Only Information by serving notice upon all other parties and the court reporter.  Such notice shall specify the particular portions of the transcript and exhibits that counsel wishes to designate as containing Confidential Information or Confidential Attorneys Eyes Only Information by listing on a separate sheet of paper the page numbers of the transcript and exhibits containing Confidential Information or Confidential Attorneys Eyes Only Information so that the sheet may be affixed to the face of the transcript and each copy thereof.  In such event, the court reporter shall prepare new transcript booklets, one containing the testimony and information not designated as Confidential and one containing the testimony and information designated as Confidential and shall make and provide copies of them to all who have ordered copies.  All charges for preparing the new transcript booklets and copies shall be paid by the party making the late designation.  If no designation is made by a statement to such

Stipulation Re Disclosure of Confidential Information
D

1    effect on the record during the course of the deposition or within

2    thirty (30) days after counsel's receipt of the deposition transcript,

3    the transcript shall be considered not to contain any Confidential

4    Information or Confidential Attorneys Eyes Only Information.

5    Portions of the transcript and exhibits designated as containing

6    Confidential Information or Confidential Attorneys Eyes Only

7    Information may only be disclosed in accordance with the terms

8    of this Protective Order.

9    e.    A Party furnishing documents and things to another Party shall

10        have the option to require that all or batches of documents and

11        things be treated as confidential during inspection and to make its

12        designation of particular documents and things as containing

13        Confidential Information or Confidential Attorneys Eyes Only

14        Information at the time copies of documents and things are

15        produced or furnished.

16    f.    In the case of verbal communications, the Designating Party shall

17        designate the communication as containing Confidential

18        Information or Confidential Attorneys Eyes Only Information by

19        advising the recipient orally at the time of the disclosure and in

20        writing within ten (10) days after the disclosure.

21    2.    This Agreement shall apply with equal force to all copies, notes,

22    summaries or other compilations and recitations of Confidential Information or

23    Confidential Attorneys Eyes Only Information.

24

25    **C.    USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

26    1.    No person or entity who receives or reviews Confidential Information or

27    Confidential Attorneys Eyes Only Information shall use that information for any

28

PRINTED ON

RECYCLED PAPER

1    purpose other than for use in this lawsuit and shall not disclose such information to

2    any other person except in accordance with this stipulation.

3        2.    In the event that any Party seeks to use material designated as containing

4    Confidential Information or Confidential Attorneys Eyes Only Information in any

5    court proceeding in connection with this litigation, the Party shall file such material

6    under seal pursuant to the applicable Local Court Rules.  United States District Court,

7    Central District of California General Order 08-02 generally requires that all

8    documents be electronically filed with the express exception at Part V allowing

9    documents under seal to be filed manually.  Materials that a Party wishes to file under

10   seal shall be in a sealed envelope or other container which shall be marked

11   "CONFIDENTIAL – Filed Under Seal Pursuant to the Protective Order dated

12   _____".  If the Court or court employee refuses to allow the Party to file

13   under seal any material designated as containing Confidential Information or

14   Confidential Information Attorneys Eyes Only, the Party may file the material

15   unsealed provided that the Designating Party is first given an opportunity to

16   demonstrate to the Court that the confidential designation and proposed sealing of the

17   material are proper.  Parties shall not include any information or material designated

18   as containing Confidential Information or Confidential Attorneys Eyes Only

19   Information in pleadings, motions, briefs, exhibits, memoranda or other papers filed

20   in court, except as provided in this paragraph.

21       3.    In the event that any document designated as containing Confidential

22   Information or Confidential Attorneys Eyes Only Information is used in any court

23   proceeding in connection with this litigation, a redacted version of the document may

24   be used.  The Parties shall meet and confer to determine which portions of the

25   document actually contain Confidential Information or Confidential Attorneys Eyes

26   Only Information and whether redaction would sufficiently alleviate all

27   confidentiality concerns.  If the Parties cannot agree on which portions of the

28                                                    - 8 -

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

document should be redacted and/or whether redaction would sufficiently alleviate all confidentiality concerns, the Party challenging confidentiality must move for and obtain relief from the Court, subject to the provisions of Section D below.  To the extent the Parties agree upon the reactions, the redacted version of the document will white-out, blackout or otherwise obliterate the Confidential Information or Confidential Attorneys Eyes Only Information.  The Designating Party will stamp the document "Redacted" to confirm that a confidential portion of the document has been removed.

4.     Subject to the Federal Rules of Evidence, Parties may offer any information or material designated as containing Confidential Information or Confidential Attorneys Eyes Only Information into evidence at trial or any court hearing.  Any Party may move the Court for an order that the Court receive the evidence in camera or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information or Confidential Attorneys Eyes Only Information and, if so, what protection may be afforded to such information.

5.     The Parties' counsel are responsible for employing reasonable measures to ensure that Parties maintain Confidential Information or Confidential Attorneys Eyes Only Information in a confidential manner.  The Receiving Party shall not duplicate any Confidential Information or Confidential Attorneys Eyes Only Information except for making working copies or for court filing.  The Receiving Party shall use all Confidential Information or Confidential Attorneys Eyes Only Information solely for the purpose of conducting this litigation and not for any other purpose.

6.     The Receiving Party shall not disclose Confidential Information to any person other than the following:

Stipulation Re Disclosure of Confidential Information
D

PRINTED ON

RECYCLED PAPER

Jeffer Mangels
Butler & Marmaro LLP

JMBM

a.  Counsel who have appeared on the record for any Party in this case and partners, shareholders, associates, paralegal assistants, clerical staff and secretaries who are regularly employed by such counsel and are actively engaged in assisting such counsel with respect to this litigation;

b.  Any Party or any of its present or former officers, employees or agents;

c.  Experts or consultants or any person retained or used by counsel for any Party to assist counsel with respect to this litigation, who are not regular employees of such counsel;

d.  The Court and its personnel;

e.  An officer before whom a deposition is taken, including any court reporter;

f.  Deposition or trial witnesses, except that such person may only see and retain copies of Confidential Information or Confidential Attorneys Eyes Only Information in preparation for, or during his or her testimony unless such person falls within subsections a. to c, above;

g.  Any Party's reinsurers, retrocessionaries, reinsurance intermediaries, retrocessionary accountants and auditors; and

h.  Any other person agreed to in writing by all the Parties or allowed by the Court.

7.  The Receiving Party shall not disclose Confidential Attorneys Eyes Only Information to any person other than the following, provided that such individuals are informed of the terms of this Protective Order:

a.  Counsel for the Receiving Party;

Stipulation Re Disclosure of Confidential Information
D

PRINTED ON
RECYCLED PAPER

b.   Supporting personnel employed by counsel for the Receiving Party, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; or

c.   Experts or consultants retained or used by counsel for the Receiving Party to assist counsel with respect to this litigation, who are not regular employees of such counsel.

8.   Before any Party discloses Confidential Information or Confidential Attorneys Eyes Only Information to the permitted persons listed in Section C., Paragraphs 6 and 7, the Party shall advise such persons that the Confidential Information or Confidential Attorneys Eyes Only Information is subject to a protective order. Additionally, with respect to the permitted persons listed in Section C, Paragraphs 6. c., f., or h. or Paragraphs 7 b. or c., the Disclosing Party shall furnish such persons a copy of this Agreement and must obtain a written certification from such persons stating that he or she has read this Agreement, understands it and agrees to be bound by the terms thereof (the "Written Certification"). The Written Certification shall be in the form attached hereto at Exhibit "A." Counsel for the disclosing Party shall maintain the original of each such written certification. In the event that a permitted person refuses to sign such a certification no disclosure of Confidential Information or Confidential Attorneys Eyes Only Information shall be made to that person.

9.   Further, prior to disclosing Confidential Attorneys Eyes Only Information to a Receiving Party's proposed expert, consultant, or employees, the Receiving Party must provide to the producing party a signed Written Certification, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The Designating Party will thereafter have five (5) business days from receipt of that notice to object to any proposed individual. The objection must be

Stipulation Re Disclosure of Confidential Information
D

1    made for good cause and in writing, stating with particularity the reasons for the

2    objection.  Failure to object within five (5) business days constitutes approval.  If the

3    parties are unable to resolve any objection, the receiving party may apply to the Court

4    to resolve the matter.  There will be no disclosure to any proposed individual during

5    the five (5) business day objection period, unless that period is waived by the

6    Designating Party, or if any objection is made, until the parties have resolved the

7    objection, or the presiding judge has ruled upon any resultant motion.

8         10.    A Receiving Party may file a motion with the Court for an order that

9    certain information may be disclosed to a person not otherwise permitted to receive

10   such information because the Designating Party has designated it as Confidential

11   Information or Confidential Attorneys Eyes Only Information.  Such a motion shall

12   identify the particular Confidential Information or Confidential Attorneys Eyes Only

13   Information that the Party proposes to disclose, the name and address of the person to

14   whom the Party proposed to disclose Confidential Information or Confidential

15   Attorneys Eyes Only Information, and the reasons why disclosure of such

16   Confidential Information or Confidential Attorneys Eyes Only Information should be

17   permitted notwithstanding its designation.  In filing its motion, the Party seeking

18   disclosure of Confidential Information or Confidential Attorneys Eyes Only

19   Information may not disclose such information, or any part of it, pending the Court's

20   decision on the motion.

21        11.    If another court or administrative agency issues subpoena for or orders

22   production of Confidential Information or Confidential Attorneys Eyes Only

23   Information that a Receiving Party has obtained under the terms of this Agreement,

24   such Party shall immediately notify the Designating Party of the pendency of such

25   subpoena or order and reasonably cooperate with the Designating Party in responding

26   to the subpoena or order.

27

28

PRINTED ON

RECYCLED PAPER

Stipulation Re Disclosure of Confidential Information
D

JMBM | Jeffer Mangels Butler & Marmaro LLP

12.   The Parties recognize that they may inadvertently disclose Confidential Information or Confidential Attorneys Eyes Only Information or produce materials containing Confidential Information or Confidential Attorneys Eyes Only Information without the appropriate designation.  In such circumstances, once a Party first learns of the inadvertent disclosure or production, such Party must immediately notify the other Parties in writing that it has inadvertently disclosed or produced materials containing Confidential Information or Confidential Attorneys Eyes Only Information without the appropriate designation.  Within 30 days thereafter, the Party may designate such specific information or materials as Confidential Information or Confidential Attorneys Eyes Only Information by providing all other Parties with a written description of such information or materials.  To the extent that any Party who received such materials has disclosed the materials to third parties before it received the Designating Party's written notice, such Party shall advise all third party recipients that the materials contain Confidential Information or Confidential Attorneys Eyes Only Information and are subject to a protective order.  No disclosure of such information or materials shall be made once a Party designates them as containing Confidential Information or Confidential Attorneys Eyes Only Information, and the terms of this Agreement shall govern all such information or materials designated as Confidential Information or Confidential Attorneys Eyes Only Information.

## D.   CHALLENGING THE DESIGNATION OF CONFIDENTIAL INFORMATION.

No Party shall be obligated to challenge the propriety of the designation of Confidential Information or Confidential Attorneys Eyes Only Information at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  If any Party believes that information or documents designated, or sought to be

- 13 -

JMBM   Jeffer Mangels
Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

1    designated, as Confidential Information or Confidential Attorneys Eyes Only
2    Information by the Designating Party does not warrant such designation, it shall first
3    make a good faith effort to resolve such a dispute with the Designating Party.  If the
4    dispute cannot be resolved, the Party challenging the designation may request
5    appropriate relief from the Court.  The burden of proving that material has been
6    properly designated as Confidential Information or Confidential Attorneys Eyes Only
7    Information is on the Designating Party.  The information or material designated as
8    Confidential Information or Confidential Attorneys Eyes Only Information shall be
9    treated as Confidential Information or Confidential Attorneys Eyes Only Information
10   unless the Parties agree to revoke the designation or upon a Court order.  Thus, for
11   instance, pending the Court's decision on the challenging Party's request for relief,
12   any Party seeking to use such Confidential Information or Confidential Attorneys
13   Eyes Only Information in any court proceeding must abide by Section C, Paragraphs
14   2-4, above.

15

16   **E.    DISPOSITION OF MATERIALS CONTAINING CONFIDENTIAL**
17   **INFORMATION**

18          Within 75 days after final termination of this action, including all appeals, and
19   upon the written request of the Designating Party, the attorneys for the Parties who
20   have received materials containing Confidential Information or Confidential
21   Attorneys Eyes Only Information shall destroy all such materials, including all copies
22   thereof and all documents incorporating or referring to such information and such
23   destruction confirmed in correspondence to counsel for the Designating Party. A
24   Party and its counsel of record need not destroy or return Confidential Information or
25   Confidential Attorneys Eyes Only Information incorporated in materials filed with
26   the Court subject to the terms of this Agreement. A Receiving Party must certify in
27   writing and deliver to Counsel for the Producing Party a statement confirming such

28

Jeffer Mangels
Butler & Marmaro LLP

JMBM

destruction. Counsel of record need not destroy or return Confidential Information or Confidential Attorneys Eyes Only Information incorporated in work product retained solely by counsel.

**F.   INADVERTENT PRODUCTION OF WORK PRODUCT OR PRIVILEGED INFORMATION OR MATERIALS**

1.   If a Party believes that work product or privileged information or materials were inadvertently produced, in whole or in part, it may seek to retrieve such information or materials by giving written notice to all Parties who received copies of the produced information or materials and requesting the immediate return or destruction of the information or materials produced, and all copies thereof.

2.   A Party shall seek to retrieve inadvertently produced work product or privileged information or materials by sending the written notice to the recipient(s) of the information or materials within thirty (30) days of the Party's actual notice that the information or materials were inadvertently produced or within ten (10) days from the date such document is first listed as a trial exhibit, whichever occurs first – unless otherwise agreed by the Parties or ordered by the Court.  As used in this Section, "actual notice" shall include, without limitation, the marking of a document as an exhibit at a deposition in this case or submission of such a document to the Court in this case.  Within thirty (30) days of receipt of the Party's written request or within ten (10) days of the date this Agreement is fully executed (whichever is later), the Party who received the information or material shall confirm in writing that it has either returned or destroyed all copies of such document and information in its possession.

3.   If the Party that propounded the discovery request (in response to which the work product or privileged information or materials were inadvertently produced) disputes the work product or privilege designation, it must comply with Section C,

- 15 -

PRINTED ON RECYCLED PAPER

Paragraph 3, but may also challenge such designation and seek to compel the production of the relevant information or materials pursuant to the applicable Federal Rules of Civil Procedure.

## G.    GENERAL PROVISIONS

1.    Nothing in this Agreement shall prevent any Party from seeking modification to this Agreement or from objecting to discovery that it believes to be otherwise improper.  A Party may file a motion with the court for an appropriate modification of this Agreement.

2.    Nothing in this Agreement shall be construed as creating an obligation to disclose information or documents protected by the attorney-client privilege, attorney work product doctrine or other application privileges or protections.  No Party shall be deemed to have waived any objection to the admissibility at trial of any information or documents produced pursuant to this Agreement.  If any Confidential Information or Confidential Attorneys Eyes Only Information is used in any discovery or court proceeding before trial, it shall not lose its confidential status solely through such use.

3.    This Agreement shall remain in full force and effect unless modified by a Court order or by the written stipulation of all Parties filed with the Court.  Without limiting the generality of the foregoing, this Agreement shall survive or remain in full force and effect after the termination of this litigation.  Nothing in this Agreement shall limit or preclude any Party from applying to the Court for relief from this Agreement, or for such further or additional protective orders the Court may deem appropriate.

4.    Each Party represents and warrants that the individual signing this Agreement on its behalf is fully authorized to sign on behalf of, and bind it.

Stipulation Re Disclosure of Confidential Information
D

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    5.    Each Party understands that this Stipulation and the related Order are

2    governed by and filed under Central District of California General Order 08-02

3    regarding electronic filing of documents.  Any attorney representing a party in this

4    action, is required to register as an E-File user and must submit most documents

5    electronically.   A copy  of  this  Order  can  be  viewed  on  the  court's  website  at

6    http://support.cacd.uscourts.gov.

7

8

9    DATED:  February ___, 2009        William C. Conkle, members of

10                                      CONKLE, KREMER & ENGEL
                                        Professional Law Corporation

11                                      Robert Spies

12                                      ROBERT SPIES LAW OFFICE

13

14    By:  _____

15          William C. Conkle
             Scott A. Hampton

16           Attorneys for Plaintiff
             Douglas Energy Company,  Inc.

17    DATED:  February ___, 2009        Marc Marmaro, members of

18                                      Amy Lerner Hill
                                        JEFFER, MANGELS, BUTLER & MARMARO, LLP

19                                      Donald Templin (admitted PHV)

20                                      Philip Bridwell (admitted PHV)
                                        HAYNES AND BOONE, L.L.P.

21

22    By:  _____

23          Donald Templin
             Philip Bridwell

24           Attorneys for Defendant Dresser-Rand Group,
             Inc. aka Dresser-Rand Company

25

26

27

28

Stipulation Re Disclosure of Confidential Information
D

Exhibit A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly affirm, under penalty of perjury, that I have received a copy of, read and understand the terms of the Stipulation and Protective Order regarding Disclosure of Confidential Information (the "Protective Order") entered in the case styled *Douglas Energy Company v. Dresser-Rand Group Inc., et al.*, United States District Court for the Central District of California, Civil Action No. CV08-04298 VBF (RZx), and I hereby agree to comply with and be bound by the terms and conditions of the Protective Order unless I am relieved of the duty by further Order of this Court.

I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes set forth in the Protective Order any Confidential Information or Confidential Attorneys' Eyes Only Information.

Promptly upon termination of this action, I will return or destroy all the Confidential Information or Confidential Attorneys' Eyes Only Information, and all copies or derivations thereof, which came into my possession, and all documents or things which I have prepared relating thereto to counsel for the party by whom I am employed or retained.

I hereby consent to the jurisdiction of said Court for purpose of enforcing this Order.

Date: _____, 2009     Printed Name: _____

Signature: _____

- 18 -

Stipulation Re Disclosure of Confidential Information
D

PRINTED ON

RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Marmaro LLP

**CERTIFICATE OF FILING/SERVICE**

I hereby certify that on March 17, 2009, I electronically filed the foregoing document entitled STIPULATION AND RE DISCLOSURE OF CONFIDENTIAL INFORMATION with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated:

Robert Spies
Robert Spies Law Office
12400 Wilshire Blvd.
Suite 400
Los Angeles, CA 90025-1023

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 15, 2009 at Los Angeles, California.

_____
DARLENE SALES-MERCADO

- 19 -

Stipulation Re Disclosure of Confidential Information
D

PRINTED ON

RECYCLED PAPER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Attachment 1

Stipulation Re Disclosure of Confidential Information
D

PRINTED ON

RECYCLED PAPER

1

**ORDER**

2      Based on the Stipulation of the Parties, IT IS ORDERED that the terms

3  stipulated by the Parties shall constitute the terms of the Protective Order, modified as

4  follows:

5

6      The order governs discovery and the pre-trial phase of the case, but does not

7      govern documents or testimony produced in connection with dispositive

8      motions or at trial. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122

9      (9th Cir. 2004).  If protection is desired in connection with dispositive motions

10     or at trial, it must be sought separately from the judicial officer presiding over

11     those proceedings.

12

13

14

15  Dated   April 14 ,2009

16                      Ralph Zarefsky

17             United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

- 21 -

Stipulation Re Disclosure of Confidential Information
D

PRINTED ON

RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP